**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-22-01917-001-TUC-JCH (BGM) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| James Mark Tuohy, | |
| Defendant. | |

Before the Court is "Defendant's Motion to Reopen Detention Hearing" ("Motion"). (Doc. 22.) The Motion argues that new, previously unknown circumstances, justify reopening the detention hearing under 18 U.S.C. § 3142(f)(2). (Doc. 22 at 1–3.) Additionally, the Motion asks this Court to reconsider its ruling with respect to dangerousness.[1] (*Id.* at 3.) The Court denies the Motion.

**I.   Background**

On November 21, 2022, Defendant filed a motion to review the detention order issued by Magistrate Judge Leslie A. Bowman (*See* Doc. 12.) Magistrate Judge Bruce G. Macdonald set a hearing on the motion. (Doc. 13.) At the hearing, Judge MacDonald found

---

[1] Interpreting Defendant's Motion as a motion for reconsideration, the government did not file a Response. Doc. 24 ("Accordingly, the United States hereby gives notice of its intent to rely on LRCiv. 7.2 and will not respond to the defendant's motion for reconsideration unless ordered by the Court."); *see* LRCiv. 7.2(g) ("No response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response.")

Defendant posed a serious flight risk because he had several prior failures to appear and was on absconder status at the time of his arrest in the instant case; he made no findings with respect to dangerousness. Defendant filed an appeal to the District Court, (Doc. 17), and the government filed an opposition (Doc. 19).

In resolving the detention appeal, this Court noted that this case triggered the Bail Reform Act's presumption for detention because the charged crime involved possession of a destructive device, as defined in 18 U.S.C. § 921(a)(4). (Doc. 20 at 4) (referencing 18 U.S.C. §§ 3142(e)(2)(A), 3142(f)(1)(E)). The Court then considered and reviewed all the required factors under 18 U.S.C. § 3142(g). (Doc. 20 at 4–7.) The Court determined that all factors weighed in favor of detention based on flight risk, including the nature and circumstances of the offense, the weight of the evidence, and Defendant's history and characteristics. (*Id.*) Specifically, the Court noted Defendant's criminal history and failure to abide by Court conditions weighed against him because, at the time of the current offense, he was on a term of probation and on absconder status. (*Id.* at 6.) The Court also found that Defendant posed a danger to the community based on (1) the nature of the instant offense for which he is being prosecuted; (2) Defendant's prior arrests and convictions, some of which involved violent behavior; (3) Defendant's history of weapons use; (4) Defendant's record of non-compliance with supervised release; and (5) safety concerns for the local community. (*Id.* at 7.) In reviewing the potential conditions of release, the Court concluded there were no conditions of release that would assure the Defendant's future presence in court and keep the community safe from further crimes by the Defendant. (*Id.*)

## II.     Legal Standard – Motion to Reopen Detention Hearing

A defendant may move the district court judge to revoke or amend a pretrial detention order issued by a magistrate judge. 18 U.S.C. § 3145(b). The district judge reviews the magistrate judge's detention order de novo, without deference to the magistrate judge's factual findings. *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir.1990). The district judge reviews the evidence presented to the magistrate judge and makes "its

own independent determination whether the magistrate [judge's] findings are correct, with no deference" to either the magistrate judge's factual findings or conclusion regarding the propriety of detention. *Id.* at 1192–93.

A detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). The movant must establish: (1) that information now exists that was not known to the movant at the time of the initial detention hearing, and (2) the new information is material to release conditions regarding flight or dangerousness. *United States v. Bowens*, 2007 WL 2220501, *1 (D. Ariz., July 31, 2007) (internal citation omitted). "A rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Id.* at *2.

**III.   Analysis**

On December 5, 2022, the City of Tucson dismissed Defendant's case (CM20017411) based on the unlikelihood of success at trial and Defendant's custodial status. (*See* Doc. 22-1.) The dismissal resolved Defendant's active warrant, and he has no other pending warrants. Defendant argues this is new information material to the Court's flight and dangerousness determinations. (Doc. 22 at 1.) The item is arguably material, and it favors Defendant, but it is insufficient to change the Court's conclusion. The active warrant was but one of several items demonstrating Defendant's difficulty abiding by the law and conditions of release.

Defendant also argues that the Court "[w]ithout affording an opportunity for oral argument nor holding an evidentiary hearing … determined that the Government had met its burden for both risk of flight and dangerousness." (Doc. 22 at 2.) At a detention hearing the detainee "shall be accorded an opportunity to testify, present witnesses, cross examine witnesses, or present information by proffer or otherwise." 18 U.S.C. § 3142(f)(2). "[T]he

district court, while empowered to do so, is not required to hold an evidentiary hearing when no evidence is offered that was not before the magistrate." *Koenig*, 912 F.2d at 1193. Defendant's appeal requested oral argument and did not request an evidentiary hearing. (*See* Doc. 17 at 1.) Moreover, his appeal memorandum presented six considerations justifying pretrial release and did not characterize any evidence as previously unconsidered by the magistrate. *See id.* Therefore, Defendant was not entitled to an evidentiary hearing or oral argument.

Defendant also presents arguments not raised in his appeal. For example, he contends that the government's delayed prosecution weighs against dangerousness. (Doc. 22 at 6 ("It does not stand to reason that, if law enforcement agents did not believe he posed a danger at the time of his arrest, that he would now – more than a year and a half later – would be deemed a danger to the community…"); Doc. 22 at 8 ("Similarly, if the defendant poses a danger to the community given the serious conduct involving an alleged explosive, wouldn't it be logical for the prosecutor to file charges immediately after his arrest?")). The government's delay in prosecuting Defendant does not outweigh the Court's enumerated reasons for finding dangerousness.

Next, the Court rejects Defendant's argument that he posed a theoretical, rather than actual, danger to the community. (Doc. 22 at 7.) Defendant offers *United States v. Patriarca* to support his position. 948 F.2d 789 (1st Cir. 1991). In *Patriarca*, the First Circuit upheld the trial court's determination that *Patriarca's* membership and leadership in a mafia family failed to pose a "significant danger" that could not be overcome given appropriate conditions. *Id.* at 791–92. The First Circuit specifically discussed how *Patriarca, unlike* his co-defendant, lacked a "long criminal record," "penchant for violence," or parole violation. The factual circumstances here are distinguishable from *Patriarca*. Furthermore, in terms of dangerousness, Congress thought it was especially significant if the charges include "a crime of violence, ... a Federal crime of terrorism, ... or involve[ ] a ... firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). The Court, nonetheless, clarifies its earlier finding as follows: Defendant poses a danger to the

community based on: (1) the nature of the instant offense for which he is being prosecuted, substantiated by Defendant's own post-*Miranda* statements confirming he understood the device to be an explosive; (2) Defendant's prior arrests and convictions, some of which involved violent behavior, supported by Defendant's arrest record and the government's characterizations thereof; (3) Defendant's history of weapons use, supported by the government's description of the events underlying the 2020 conviction and the instant charge; (4) Defendant's record of non-compliance with supervised release, supported by his arrest while on probation and his documented failures to appear; and (5) safety concerns for the local community, as demonstrated by the inherent danger in possessing and transporting a bomb with individuals in the vehicle. The Court finds that taken together, dangerousness is supported by clear and convincing evidence. *See* 18 U.S.C. § 3142(f)(2)(B). Detention is warranted on this basis alone; however, Defendant also presents a flight risk as supported by the findings made with respect to each of the statutory factors, set forth in 18 U.S.C. § 3142(g), in the Court's December 9, 2022 Order.[2]

Lastly, Defendant argues he should be released on a bond with Pretrial Services' proposed conditions. (Doc. 22 at 4.) Even when a defendant poses a flight risk or a danger to the community, he must still be released if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Ninth Circuit has explained "the effectiveness of the proposed release conditions, or any conditions that might be imposed, necessarily depends on [Defendant's] good faith compliance." *Hir*, 517 F.3d at 1093. Given the strength of the government's evidence, the statutory presumption that no conditions of release will reasonably assure the safety of the community, and Defendant's unwillingness to abide by the law while on probation, the Court finds there is an unacceptably high risk that Defendant would not comply in good faith with any other combination of release conditions imposed upon him. As such, a bond is inappropriate and

---

[2] The Court's December 9, 2022 Order incorrectly noted that, "[t]he pending charge carries a 10-year mandatory statutory minimum prison sentence if Defendant is convicted." (Doc. 20 at 4–5.) This is incorrect. The charge carries a 10-year statutory maximum sentence if Defendant is convicted. This does not change the Court's analysis with respect to flight.

- 5 -

there are no conditions of release that would assure the defendant's future presence in court, nor keep the community safe from further crimes by the Defendant.

### IV.  Order

**IT IS ORDERED DENYING** "Defendant's Motion to Reopen Detention Hearing" (Doc. 22). Defendant shall remain detained pending trial.

Dated this 21st day of December, 2022.

_____
Honorable John C. Hinderaker
United States District Judge