JON M. SANDS
Federal Public Defender
ÁNGELES RODRÍGUEZ-MADERA
Puerto Rico Bar No. 20912
angeles_rodriguez-madera@fd.org
MATEI TARAIL
State Bar No. 024566
matei_tarail@fd.org
Assistant Federal Public Defenders
407 W. Congress St., Suite 501
Tucson, AZ  85701
Telephone: (520) 879-7500
Attorneys for the Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States of America, Plaintiff, | CR-22-01917-TUC-JCH(BGM) |
|---|---|
| vs. | **MOTION TO PRECLUDE GOVERNMENT'S EXPERT WITNESS (ECF DOC. 60)** |
| James Mark Tuohy, Defendant. | |

The government intends to call ATF Agent Michael Eldredge as an expert witness to testify about the alleged improvised explosive device "IED" seized in this case. *See* Doc. 60. The Government seeks to introduce the opinion memorialized in the report prepared and signed by Mr. Danny R. Waltenbaugh Jr. through the testimony of Mr. Eldredge. The defense objects to the Government's request.

In <u>Bullcoming v. New Mexico</u>, 564 U.S. 647, 658–59 (2011), the Supreme Court stated:

> The Sixth Amendment's Confrontation Clause confers upon the accused, "[i]n all criminal prosecutions, … the right … to be confronted with the witnesses against him." In *Crawford* the Court held that fidelity to the

1

Confrontation Clause permitted admission of "[t]estimonial statements of witnesses absent from trial … **only where the declarant is unavailable**, and **only where the defendant has had a prior opportunity to cross-examine**," *id.*, at 59, 124 S.Ct. 1354. See *Michigan v. Bryant*, 562 U.S. 344, 354, 131 S.Ct. 1143, 1153, 179 L.Ed.2d 93 (2011) ("[F]or testimonial evidence to be admissible, the Sixth Amendment 'demands what the common law required: unavailability [of the witness] and a prior opportunity for cross-examination.'" (quoting *Crawford*, 541 U.S., at 68, 124 S.Ct. 1354)). *Melendez–Diaz*, relying on *Crawford*'s rationale, refused to create a "forensic evidence" exception to this rule. 557 U.S., at 317 – 321, 129 S.Ct., at 2536–2538.[5] An analyst's certification prepared in connection with a criminal investigation or prosecution, the Court held, is "testimonial," and therefore within the compass of the Confrontation Clause. *Id.*, at 321 – 324, 129 S.Ct., at 2537–2540.

The examination and the corresponding report of the improvised explosive device "IED" seized in connection with the instant case were submitted by Danny R. Waltenbaugh Jr., Senior Explosives Enforcement Officer/Specialist of the Bureau of Alcohol, Tabacco, Firearms and Explosives. Thus, allowing the Government to introduce the report through Mr. Eldredge would violate Mr. Tuohy's Sixth Amendment right to Confrontation.

Mr. Waltenbaugh's report is an out-of-court statement. The statement is testimonial, meaning it was created solely for an "evidentiary purpose". See *U.S. v. Melendez-Diaz*, 557 U.S., at 310, 129 S.Ct. 2527 cited in *Bullcoming*. The report notes that Mr. Waltenbaugh examined the physical evidence. He evaluated the materials and developed an opinion as to the design, construction, functioning, effects, and technical classification of the materials. His opinion was then memorialized in a Report of Examination. The Report was then signed by Mr. Waltenbaugh and approved by his program manager, Mr. Kenneth Erickson. See AUSA disclosure, p. 219.

The Government ultimately seeks to elicit the opinion that the materials involved in the investigation of the case would be properly identified as an explosive bomb as defined by the statutory provisions under title 26 U.S.C. § 5845(f)(1)(A) and title 18 U.S.C. § 841(d), through Mr. Eldredge.  However, Mr. Eldredge performed no tests nor examined the alleged destructive device.  He did not produce the Report of Examination regarding the IED.  Mr. Eldredge notes he only examined the reports regarding the case, which includes Mr. Waltenbaugh's report and adopts it.  See AUSA disclosure, pg. 424.

Mr. Eldredge's testimony would simply extend to repeating what is on the report, however, he may not respond to specific questions as to the testing or evaluation of the physical evidence.  Allowing Mr. Eldredge to testify would hinder Mr. Tuohy's ability to question the reliability of the tests conducted to examine the device and question the expert on other factors he could or should have considered at the time of examining the physical evidence.  Mr. Eldredge cannot answer these questions.

For the Government to introduce Mr. Waltenbaugh's opinion testimony through Mr. Eldredge it must, first, show that the declarant (Mr. Waltenbaugh) is unavailable and, second, to have afforded Mr. Tuohy a prior opportunity to cross-examine him. The Government has not complied with this mandate.  It has not asserted nor certified that Mr. Waltenbaugh is unavailable as a witness, nor has it afforded an opportunity for Mr. Tuohy to confront this expert regarding his report and how he arrived at his expert opinion.

The Supreme Court was clear that: "the Confrontation Clause does not tolerate dispensing with confrontation simply because the court believes that questioning one

witness about another's testimonial statements provides a fair enough opportunity for cross-examination." Thus, allowing Mr. Eldredge to testify in lieu of Mr. Waltenbaugh would violate Mr. Tuohy's right to confrontation.

Mr. Tuohy respectfully moves this Court to preclude the Government from allowing the testimony of ATF Agent Michael Eldredge as an expert witness.

RESPECTFULLY SUBMITTED:         July 24, 2023

JON M. SANDS
Federal Public Defender

*s/Ángeles Rodríguez-Madera & Matei Tarail*
ÁNGELES RODRÍGUEZ &
MATEI TARAIL
Assistant Federal Public Defenders