GARY M. RESTAINO
United States Attorney
District of Arizona
LIZA M. GRANOFF
Florida Bar No.: 0159433
MATTHEW D. DOYLE
Arizona State Bar No. 036235
Assistant United States Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520.620.7300
Email: liza.granoff@usdoj.gov
Email: matthew.doyle@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> James Mark Tuohy, <br><br> Defendant. | CR-22-1917-TUC-JCH-BGM <br><br> GOVERNMENT'S MOTION TO STRIKE OR DENY THE DEFENDANT'S "RESPONSE" TO THE GOVERNMENT'S RULE 16.1 NOTICE |

The defendant's "response" to the notice provided to him pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure should be stricken pursuant to the Local Rules of Criminal Procedure for the District of Arizona.  In the alternative, the Court should deny the defendant's objection to the admissibility of the defendant's post-*Miranda* confession for lack of specificity.

It is expected that excludable delay under 18 U.S.C. § 3161(h)(1)(D), will occur as a result of this Motion or an order based thereon.

**I.    FACTS**

On July 11, 2023, the United States of America, by and through its undersigned attorneys, filed its written notice of the defendant's statements it intends to use at trial consistent with Fed. R. Crim. Proc. 16(a)(1), LRCrim 16.1, and established Ninth Circuit

caselaw. (Doc. 56.) Specifically, it placed the defendant on notice of its intent to introduce "*all confessions, admissions, and statements*" of the defendant. (*Id.* at 1 (emphasis added).)

On July 24, 2023, the defendant, through counsel, filed a "response" to said notice. (Doc. 63.) In this "response," the defendant claims the government's notice failed to indicate what specific portions of the statements it wishes to introduce. (*Id.* at 1.) Further, the defendant stated he "objects to the Government's request, which, absent identifying admissible portions of the post-arrest statement, would seek to admit the statement in full." (*Id.* at 2.) The defendant alleges the government has failed to comply with the local rules and moves the Court to deny the Government's "request." *Id.*

## II. LEGAL AUTHORITY AND ARGUMENT

The Local Rules of Criminal Procedure for the District of Arizona explicitly addresses the prosecution's notice requirements with respect to the defendant's statements it intends to use during a criminal trial. *See* LRCrim 16.1(a) (2021). Subsection (b) is titled "Objections to Above" and contains specific instructions for the defense to follow if there are objections to the admissibility of the statements noticed by the prosecution. Specifically, LRCrim 16.1(b) states:

> **(b) Objections to Above.** The Defendant's attorney shall, unless otherwise ordered, file a *motion* setting forth objections, if any, which Defendant may have to the admissibility of such confessions, admissions, or statements. Upon request of the Defendant's attorney, the Court shall set a hearing to consider such objections and determine the admissibility of the alleged confessions, admissions, or statements. However, no evidentiary hearing or oral argument need be set or held unless the Defendant's moving papers allege facts sufficient to enable the Court to conclude that contested issues of fact or law exist.

(emphasis added).

Likewise, the Local Rules contain a provision that explains the effects of non-compliance with the rules of procedure. LRCiv 7.2(i) states that:

> If a motion does not conform in all substantial respects with the requirements of this Local Rule, … such non-compliance may be

> deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

*See* LRCrim 12.1(a)(redirecting to LRCiv 7.1 and LRCiv 7.2).

Here, the defendant has failed to follow the Local Rules of Criminal Procedure established in this District. Rather than file the required motion, the defendant instead couched his pleading as a "response." As such, the Court may exercise its authority to strike the defendant's "response" for failure to adhere to the Local Rules.

In the alternative, the Court may deny the defendant's request based on its merits, or lack thereof. The Government noticed the defendant of its accurate intent – to introduce at trial *all* the defendant's statements to law enforcement. The Government is therefore in full compliance with the Federal Rules of Criminal Procedure, the Local Rules, and the caselaw.

As the defendant correctly surmises in his own pleading, the Government's intent is to admit the statements in full. The defendant's mere assertion, without more, that his statement is inadmissible hearsay, irrelevant under Rule 401, or inadmissible under Rule 403 in factually insufficient. The Local Rules allow the Court to rule on the pleadings and no hearing or oral argument need be set if the defendant's "moving papers" fail to "allege facts sufficient to enable the Court to conclude that contested issues of fact or law exist." LRCrim 16.1(b). As the defendant's pleading fails to establish any facts or law in support of his position, the United States respectfully moves the Court to summarily deny the defendant's request without a hearing.

### III. CONCLUSION

The defendant's "response" to the Government's notice of intent to introduce all the defendant's statements at trial should be stricken as it is in plain violation of the Local Rules in this District. The defendant wrongly filed a response to the Government's notice instead of filing the proper substantive motion with supporting facts and law.

//

In the alternative, the defendant's "response" should be denied as it completely fails to allege any facts or supporting legal authority for his baseless claims.

Respectfully submitted this 4th day of August 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Liza M. Granoff*

LIZA M. GRANOFF
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 4th day of August 2023, to:

All ECF recipients